## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

**PATRICK CHANDLER** § 
 § 
**VS.** § **CIVIL ACTION NO. 4:23-cv-2887**
 § 
**KIN, INC.** § 

## DEFENDANT KIN, INC.'S THIRD PARTY COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

KIN, INC. ("KIN") Defendant/Third Party Plaintiff, files this its Third Party Complaint, and would show the Court as follows:

### Parties

1.      KIN is a Defendant in the above-referenced cause of action and has made an appearance herein. It may be served by and through its counsel pursuant to Federal Rule of Civil Procedure 5.

2.      Third Party Defendant Morgan's Striping Service, Inc. ("Morgan") is a foreign corporation organized and existing under the laws of Indiana, whose principal office is located at 21789 Riverwood Avenue, Noblesville, Indiana 46061-9560. It may be served with process by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701, as its agent for service because Morgan engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process, and this suit arose from Morgan's business in this state.

## Jurisdiction and Venue

3.      This Court has jurisdiction over Morgan because Morgan has conducted business in Texas. Further, Morgan established sufficient minimum contacts with Texas by purposefully availing itself of the privileges and benefits of conducting business in Texas. These minimum contacts with Texas give rise to this Court's specific jurisdiction over Morgan, insofar as its alleged liability arises from or is related to an activity conducted in Texas. Its minimum contacts also give rise to this Court's general jurisdiction, since Morgan's contacts in Texas are continuous and systematic. Finally, the exercise of jurisdiction over Morgan by this Court comports with the traditional notions of fair play and substantial justice.

4.      This Court has jurisdiction over Morgan collectively under 28 U.S.C § 1332(a) insofar as all parties are of diverse citizenship, no in-state defendant exists, and the amount in controversy exceeds $75,000.

5.      Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this lawsuit occurred in within the Southern District.

## Factual Background

6.      Morgan executed an Independent Contractor Agreement with KIN to provide pavement maintenance in the form of parking lot striping, crack filling, seal coating, asphalt, and pressure washing. On or about March 4, 2021, KIN executed a work ticket for parking lot striping to be completed by Morgan at 7150 Barker

Cypress Road, Houston, Texas 77095. The standards of the parking lot striping were governed by the Parking Lot Striping Scope of Work, which stated all painted surfaces that are heavy in pedestrian zones, including pedestrian crosswalks, shall have Potters Industries G-3 crushed glass added to create a slip resistant surface. The work was completed on March 6, 2021.

7.      According to Plaintiff's Original Petition, on or about September 3, 2021, while crossing the parking lot in the rain, Plaintiff suffered injuries when he slipped and fell. Plaintiff alleges that when he stepped onto the painted portion of the parking lot, the paint was slippery which caused him to fall.

8.      Plaintiff's Original Petition generally claims that KIN owned, controlled, and/or managed the premises where Plaintiff's incident occurred. Plaintiff sued KIN for the injuries suffered.

9.      Morgan was required to add the proper substance to create a slip resistance surface, and Plaintiff's Original Petition alleges his injuries were caused due to Morgan's failure to do so.

10.     All conditions precedent to the filing of this Third Party Complaint have been satisfied, including pre-suit notice.

**First Cause of Action – Breach of Contract**

11.     KIN and Morgan entered into an Independent Contractor Agreement.

12.     Pursuant to its terms, the Independent Contractor Agreement was supported by consideration.

13.     Pursuant to the terms of the Independent Contractor Agreement, Morgan was contractually obligated to perform certain tasks, including pavement maintenance that included parking lot striping, crack filling, sealcoating, asphalt, and pressure washing.

14.     Under Paragraph 11, Morgan was also contractually obligated to defend and indemnify KIN in connection with any suit brought against it for claims arising from Morgan's services.

15.     Assuming (without conceding) Plaintiff's allegations to be true, and assuming (without conceding) that Plaintiff suffered injury due to the painted surface of the parking lot not being completed with the required crushed glass to create a non-skid surface on that portion of the premises which Plaintiff suffered his fall, Morgan failed to meet its contractual obligations. Such failures constitute a breach of the contract.

16.     Further, despite having tendered the defense and indemnification of this case to Morgan, Morgan failed to meet its contractual obligations to defend and indemnify KIN for the claims made in this suit. Such failure constitutes a breach of the contract.

17.     KIN suffered, and continues to suffer, actual and consequential damages as a result of Morgan's breaches. Such damages include the defense costs incurred by KIN vis-à-vis Plaintiff's claims, and any costs associated with the prosecution of this Third Party Complaint against Morgan. In the unlikely event of a judgment against

KIN, the dollar amount of that judgment would also constitute a recoverable damage against Morgan.

### Second Cause of Action – Contribution Defendant Rights

18.    In the unlikely event that KIN is found liable to Plaintiff in this action, and to the extent that the contribution scheme set forth in the Texas Civil Practice and Remedies Code applies in a diversity action, KIN asserts its rights against Morgan as a "contribution defendant," pursuant to Section 33.016 of the Texas Civil Practice and Remedies Code.

19.    KIN seeks contribution from Morgan and requests that the trier of fact determine percentages of responsibility, as contemplated by Section 33.016(c) of the Texas Civil Practice and Remedies Code.

### Third Cause of Action – Negligence

20.    Morgan owed a duty to KIN to ensure that the parking lot paint would contain the required crushed glass to create a non-skid surface. Assuming (without conceding) Plaintiff's allegations to be true and assuming (without conceding) that Plaintiff suffered injury due to the paint being slippery from a lack of the required crushed glass, Morgan breached its duty. As a direct and proximate cause of Morgan's breach of duty, KIN suffered actual damages.

**Damages**

21.     Defendant is entitled to recover actual and consequential damages, including attorneys' fees and court costs, in connection with the defense of the underlying lawsuit and the prosecution of this Third Party Complaint.

22.     Defendant is also entitled to recover any sums of money that may be paid in satisfaction of any judgment in this case, in the unlikely event that they are found liable.

23.     Defendant is also entitled to recover pre-judgment and post-judgment interest.

WHEREFORE, PREMISES CONSIDERED, KIN, Inc., requests that Morgan's Striping Service, Inc. be cited to appear and answer herein, and that on final trial KIN, Inc. have judgment against Morgan's Striping Service, Inc. on one or more of the causes of action pled herein for attorneys' fees and associated costs incurred as defendants in the underlying lawsuit filed by Plaintiff, attorneys' fees and associated costs incurred as "defense costs" since being sued by Plaintiff, any judgment it may be responsible for paying to Plaintiff, and attorneys' fees and associated costs incurred in the prosecution of this action against Morgan's Striping Service, Inc.; for pre-judgment and post-judgment interest as provided by law; and for such other and further relief to which KIN, Inc. may be justly entitled.

Respectfully submitted,

By:/s/***Jason Wagner***_____
Jason Wagner
Attorney-in-Charge
State Bar No. 00795704
Federal Bar No. 20325
jwagner@jwagnerlaw.com
Two North Main Street
Kingwood, Texas 77339
Telephone:  (713) 554-8450
Facsimile:    (713) 554-8451
service@jwagnerlaw.com

**ATTORNEYS FOR DEFENDANT**

OF COUNSEL:

**WAGNER LAW, PLLC**
Two North Main Street
Kingwood, Texas 77339
Telephone:  (713) 554-8450
Facsimile:    (713) 554-8451

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **Defendant KIN, Inc.'s Third Party Complaint** was served, pursuant to Federal Rule of Civil Procedure 5, via ECF, on this the 7th day of February, 2024, to:

Leland M. Irwin
The Irwin Law Firm, P.C.
311 Morton Street
Richmond, Texas 77469
leland@irwin-lawfirm.com
(*Attorney for Plaintiff*)

/s/***Jason Wagner***_____
Jason Wagner

_____